Opinion op the Court,
-by Ch. J. Boyle.
ON the 11th of January, 1819, Grant filed his declaration in assumpsit against Carmack, in which he laid various counts charging Carmack as administrator of Stephen Lyon, upon the promises of his intestate, and two counts charging upon his own promises, for the use and occupation by him as administrator, of a farm, for-years, then elapsed. On the 25th of October, 1819, an order of court was made by the consent of the parties, submitting all matters of difference between them in this suit to arbitrators therein named, and on the 20th of April, 1820, another order was made by the *33 consent of the parties, substituting three other arbitrators in the room of one of those before appointed, and the parties agreed to waive all informalities in the proceedings herein. The arbitrators awarded, “ that ■ Grant should recover of Carmack, in his individual capacity, the sum of $250, it being for the use and occupation of the farm upon Twelve Mile creek, since the death of said Stephen Lyon, including the rent for the year 1819,” &c. This award was returned to the court where the suit was depending, and judgment was rendered thereon accordingly, to reverse which Carmack prosecutes this writ of error.
There was various objections taken to the award by the assignment of errors. Most of these might, perhaps, be gotten over; but there is one of them which is obviously insuperable, and from the fatal character of this objection, it is unnecessary to notice the others. The objection to which we allude, is, that the arbitrators exceeded their authority, in awarding the payment of the rent for the year 1819. It was only the matters in controversy in this suit, which were submitted to the arbitrators; and the declaration having been filed in January, 1819, and charging Carmack only for the use and occupation of the farm for years that had then elapsed, it is evident that the rent for the year 1819 was not a matter in controversy in this suit, and of course was not submitted to the decision of the arbitrators.
The judgment must be reversed with costs, and the cause be remanded, that the award may be quashed, and the order of reference set aside, and other proceedings had, not inconsistent with law.